IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| DANIEL TAYLOR, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Case No. 7:19-cv-00434 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| CARL MANIS, *et al.*, | ) | United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Daniel Taylor, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. He names a single defendant, Mannis, who the court believes is the Warden of Wallens Ridge State Prison ("WRSP").[1] The entirety of Taylor's claim states that "For whatever reason, administration has put me in a housing arrangement with a noted sexual deviant that I'd asked moved out of the cell with in two thousand seven that resulted in a segregation assignment." (Dkt. No. 1.)[2]

Upon review of Taylor's complaint, the court concludes that it fails to state a claim and so is subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). Particularly important here, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir.

---

[1] Taylor's complaint refers to "Carl Mannis et al," but he does not list any other defendants anywhere in the complaint.

[2] Taylor has filed other documents with this case number on them, but he currently has several § 1983 cases pending before this court and it does not appear that those filings pertain to *this* case. Taylor is advised to ensure that he places the proper case number on any document he sends to the court so that it will be filed in the proper case.

2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vennedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). The only defendant Taylor names in this action is Mannis, but he does not allege that Mannis personally took any particular action or made any relevant decision about his housing. Thus, he has failed to state a claim against him.[3]

For the foregoing reasons, the court will summarily dismiss the action without prejudice under § 1915A(b)(1). Nothing in this opinion precludes Taylor from refiling his claims in a new and separate civil action if he can correct the deficiencies described in this opinion, assuming he has exhausted his remedies in accordance with 42 U.S.C. § 1997e, and subject to the applicable statute of limitations.

An appropriate order will be entered.

Entered: January 21, 2020.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

[3] The court also notes that Taylor's complaint does not allege that he has ever suffered any significant physical or emotional injury of harm from the other inmate, nor any other facts alleging a "substantial risk or serious harm," as would be required to state a failure-to-protect claim under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).